JUDGE BATTS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

CHRISTOPHER BRIDGES p/k/a LUDACRIS,
USHER RAYMOND IV p/k/a USHER,
DISTURBING THA PEACE
ENTERTAINMENT, INC., and FAST PACE,
INC.



                    Plaintiffs,

  - against –                      Case No.

TEEVEE TOONS INC., TVT RECORDS LLC,      **COMPLAINT**
TEEVEE TOONS INC. d/b/a TVT RECORDS,
TVT MUSIC INC d/b/a TVT MUSIC
PUBLISHING, BME ENTERPRISES LLC,
BME RECORDINGS LLC, and JONATHAN
SMITH p/k/a LIL JON

                  Defendants.

------------------------------------------------------x

      Christopher Bridges p/k/a Ludacris ("Mr. Bridges" or "Ludacris"), Usher Raymond IV

p/k/a Usher ("Mr. Raymond" or "Usher"), Disturbing Tha Peace Entertainment, Inc. ("DTP")

and Fast Pace, Inc. ("FP") (collectively, "Plaintiffs") submit the following, through their

undersigned attorneys, for their Complaint against Defendants TeeVee Toons Inc., TVT Records

LLC, TeeVee Toons Inc. d/b/a TVT Records (together, "TeeVee"), TVT Music Inc d/b/a TVT

Music Publishing ("TVT Music"), BME Enterprises LLC, BME Recordings LLC (together,

"BME") and Jonathan Smith p/k/a Lil Jon ("Mr. Smith" or "Lil Jon") (collectively,

"Defendants"):

## NATURE OF THE ACTION

    1.     Plaintiffs, two of the most celebrated recording artists and performers in today's

world of entertainment, bring this action for, *inter alia*, copyright infringement, declaratory

judgment under the Copyright Act of the United States, and violation of the Lanham Act in

connection with certain musical compositions and recordings, entitled "*In Da Club*" and "*Lovers*

*and Friends*," appearing on the album "Crunk Juice" by the performing artist Jonathan Smith p/k/a Lil Jon and released by TeeVee (the "Album").

2.      Through this action, Plaintiffs Bridges and Raymond pursue their legal and equitable rights and remedies in connection with their copyrightable contributions on "*Lovers and Friends*," on which they both performed. Mr. Bridges is also pursuing his legal and equitable rights and remedies in connection with "*In Da Club*," on which he performed. The Album has been exploited as if created with the permission and sponsorship of Mr. Bridges and Mr. Raymond. Defendants were not authorized to exploit either the copyrightable contributions or the association of Plaintiffs unless and until certain conditions precedent were met, none of which have occurred. These circumstances give rise to this justiciable controversy and legal claims stemming from the wrongful exploitation of the Album embodying Plaintiffs' contributions, falsely exploited as if authorized and sponsored by Plaintiffs.

## PARTIES

3.      Plaintiff Bridges is a highly successful Grammy-winning recording artist, music performer and actor. Mr. Bridges is a resident of the State of Georgia.

4.      Plaintiff Raymond is also a highly successful Grammy-winning recording artist, music performer and actor. Mr. Raymond is a resident of the State of Georgia.

5.      Plaintiff DTP is Mr. Bridges' furnishing company, and is organized under the laws of, and has its principal place of business in, the State of Georgia.

6.      Plaintiff FP is Mr. Raymond's furnishing company, and is organized under the laws of, and has its principal place of business in, the State of Georgia.

7.      Upon information and belief, Defendant TeeVee Toons Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of New York.

2

8.      Upon information and belief, Defendant TVT Records Inc. is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of New York.  Upon information and belief, TVT Records Inc. produces, manufactures and/or distributes records including the Album "Crunk Juice."

9.      Upon information and belief, Defendant TVT Music Inc. is a corporation organized under the laws of, and with its principal place if business in, the State of New York. Upon information and belief, TVT Music Inc. publishes and receives income from the exploitation of the Album.

10.      Upon information and belief, Defendant BME Enterprises is a limited liability company organized under the laws of, and with its principal place of business in, the State of Georgia.  Upon information and belief, BME Enterprises produces records, including the Album "Crunk Juice," and/or is a furnishing company for the services of Lil Jon.

11.      Upon information and belief, Defendant BME Recordings is a limited liability company organized under the laws of, and with its principal place of business in, the State of Georgia.  Upon information and belief, BME Recordings produces records, including the Album "Crunk Juice," and/or is a furnishing company for the services of Lil Jon.

12.      Defendant Smith is a music performer and producer.  Upon information and belief, Mr. Smith is a resident of the State of Georgia.

## JURISDICTION AND VENUE

13.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. § 1121, as well as pursuant to 28 U.S.C. § 1367.

14.      Venue is proper is this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## BACKGROUND

### I.    THE CONTRIBUTIONS OF CHRISTOPHER BRIDGES TO THE ALBUM

15.    Mr. Bridges recorded vocal performances on two recordings, "*Lovers and Friends*" and "*In Da Club*," produced for Lil' John's Album "Crunk Juice." Mr. Bridges also contributed original lyrics to the "Crunk Juice" Album.

16.    The parties contemplated an agreement which would authorize Defendants to exploit Mr. Bridges' copyrightable contributions. Such agreement was never binding or performed, and was contingent upon the performance of certain conditions precedent that remain unperformed.

17.    Alternatively, any agreement was and is rescinded and rendered null and void because Defendants never performed any of the contemplated material obligations thereunder and have never proffered any consideration. Defendants' actions constituted breaches that were of so substantial a nature that they affect the very essence of the contemplated agreement and serve to defeat the object of the parties.

18.    As such, neither Mr. Bridges' nor DTP's copyright interests in the sound recordings "*In Da Club*" and "*Lovers and Friends*" have been assigned or transferred to any of the Defendants, and Mr. Bridges remains a co-author and co-owner of those recordings.

19.    Mr. Bridges wrote lyrics for the song "*In Da Club*," and is a joint author and owns a percentage copyright interest in the underlying composition.

20.    Mr. Bridges also wrote lyrics that appear within the composition "*Lovers and Friends*" as released on Mr. Smith's "Crunk Juice" Album, and as such owns a copyright interest in these lyrics.

21.    At no time did Mr. Bridges transfer or assign his copyright interest in the lyrics that were used in the composition "*Lovers and Friends*," and he retains ownership of this separately copyrightable contribution.

## II.    THE CONTRIBUTIONS OF RAYMOND USHER TO THE ALBUM

22.    Mr. Raymond recorded a vocal performance on *"Lovers and Friends,"* a sound recording produced for Lil' John's Album "Crunk Juice." Mr. Raymond also contributed original lyrics to the "Crunk Juice" Album.

23.    The parties contemplated an agreement which would authorize Defendants to exploit Mr. Raymond's copyrightable contributions. Such agreement was never binding or performed, and was contingent upon the performance of certain conditions precedent that remain unperformed.

24.    Alternatively, any agreement was and is rescinded and rendered null and void because Defendants never performed any of the contemplated material obligations thereunder and have never proffered any consideration. Defendants' actions constituted breaches that were of so substantial a nature that they affect the very essence of the contemplated agreement and serve to defeat the object of the parties.

25.    As such, neither Mr. Raymond's nor FP's copyright interests in the sound recordings *"Lovers and Friends"* have been assigned or transferred to any of the Defendants, and Mr. Raymond remains a co-author and co-owner of those recordings.

26.    Mr. Raymond also wrote lyrics that appear within the composition *"Lovers and Friends"* as released on Mr. Smith's "Crunk Juice" Album, and as such owns a copyright interest in these lyrics.

27.    At no time did Mr. Raymond transfer or assign his copyright interest in the lyrics that were used in the composition *"Lovers and Friends,"* and he retains ownership of this separately copyrightable contribution.

## FIRST CLAIM FOR RELIEF

(Copyright Infringement - "Lovers & Friends" Sound Recording, on behalf of all Plaintiffs)

28.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 27 above, with the same force and effect as if set forth in full herein.

29.    Since the release of Mr. Smith's "Crunk Juice" Album, Defendants have copied, distributed, promoted, sold, licensed and/or authorized the manufacture, distribution and sale of the sound recording of *"Lovers and Friends"* as appearing on this Album.

30.    Significant portions of the *"Lovers and Friends"* sound recording contain the recorded performances of Mr. Bridges and Mr. Raymond.

31.    Although Defendants requested that Plaintiffs transfer, assign or license their respective copyrights in the sound recording *"Lovers and Friends"* to BME, and prepared written agreements to this effect, these agreements were never binding or enforceable, or in the alternative were rescinded and terminated.

32.    Plaintiffs have not assigned or transferred to Defendants their copyrights in the sound recording *"Lovers and Friends,"* nor were their performances works made for hire for Defendants.

33.    Plaintiffs' respective contributions to the *"Lovers and Friends"* sound recording are copyrightable under the Copyright Act of 1976, and they have or will apply for a registration for this copyright interest from the United States Copyright Office.

34.    Defendants actions in copying, distributing and otherwise exploiting this sound recording were performed with knowledge that this conduct constituted infringement and/or were conducted with reckless disregard for Plaintiffs' copyrights in their respective contributions.  Defendants have willfully infringed, and continue to infringe, Plaintiffs' copyrights in violation of, *inter alia*, Sections 106 and 501 of the Copyright Act.

35.     Defendants have profited and continue to profit from their infringing activity and will, unless restrained, further impair, if not destroy Plaintiffs' rights in their contributions, and Plaintiffs will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.

36.     Plaintiffs have no adequate remedy at law.

37.     By reason of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

(Copyright Infringement - "*In Da Club*" Sound Recording, Mr. Bridges and DTP)

38.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 37 above, with the same force and effect as if set forth in full herein.

39.     Since the release of Mr. Smith's "Crunk Juice" Album, Defendants have copied, distributed, promoted, sold, licensed and/or authorized the manufacture, distribution and sale of the sound recording of "*In Da Club*" as appearing on the Album.

40.     Significant portions of the "*In Da Club*" sound recording contain the recorded performances of Mr. Bridges.

41.     Although Defendants requested that Mr. Bridges and DTP transfer their copyrights in the sound recording "*In Da Club*" to BME, and prepared a written agreement to this effect, this agreement was never binding or enforceable, or in the alternative was rescinded and terminated.

42.     Mr. Bridges and DTP have not assigned or transferred to Defendants their copyright in the sound recording "*In Da Club*," nor was Mr. Bridges' performance a work made for hire for Defendants.

43.    Mr. Bridges' contributions to the sound recording "*In Da Club*" is copyrightable under the Copyright Act of 1976, and he has or will apply for a registration in that copyright interest from the United States Copyright Office.

44.    Defendants actions in copying, distributing and otherwise exploiting this sound recording were performed with knowledge that this conduct constituted infringement and/or were conducted with reckless disregard for Mr. Bridges' and DTP's copyright interest in the recording.  Defendants have willfully infringed, and continue to infringe, Mr. Bridges' and DTP's copyright in violation of, *inter alia*, Sections 106 and 501 of the Copyright Act.

45.    Defendants have profited and continue to profit from their infringing activity and will, unless restrained, further impair, if not destroy Mr. Bridges' and DTP's rights in the sound recording "*In Da Club*," and Mr. Bridges and DTP will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.

46.    Mr. Bridges and DTP have no adequate remedy at law.

47.    By reason of the foregoing, Mr. Bridges and DTP have been damaged in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF

*[In the Alternative]*

(Declaratory Relief - "*Lovers and Friends*" Sound Recording, on behalf of all Plaintiffs)

48.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 47 above, with the same force and effect as if set forth in full herein.

49.    Upon information and belief, Defendants have received substantial remuneration in connection with their exploitation of the "Crunk Juice" Album, which contains the sound recording "*Lovers and Friends*."

50.    A dispute has arisen between Plaintiffs and Defendants concerning the authorship and ownership of the copyrights in and to the sound recording "*Lovers and Friends*," and the rights to receive royalties and other earnings generated therefrom.

51.    Plaintiffs contend that Mr. Bridges and Mr. Raymond are either co-authors of this sound recording, and that they are each entitled to a *pro rata* share of all revenues derived in connection with the exploitation of this recording, or they own separate copyrightable works which were incorporated into that recording and are infringed.

52.    Plaintiffs further contend that Plaintiffs did not transfer or assign to Defendants their respective interests in this sound recording, nor were their performances therein works made for hire for Defendants.

53.    Plaintiffs are informed and believe that Defendants dispute these contentions. A judicial declaration is necessary and appropriate at this time to cure the presently unsettled state of affairs and to clarify the parties' respective ownership interests in this sound recording. Plaintiffs have no adequate alternative remedy under the circumstances.

54.    As a result of this dispute, Plaintiffs seek a declaration that each of them co-authored the sound recording "*Lovers and Friends*" and possess a copyright interest therein, entitling them to a *pro rata* share of all monies earned through the exploitation of that sound recording, or, in the alternative, that they have separate copyrightable contributions that were incorporated into that recording and are being infringed.

## FOURTH CLAIM FOR RELIEF

### *[In the Alternative]*

(Declaratory Relief - "*In Da Club*" Sound Recording, Mr. Bridges and DTP)

55.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 54 above, with the same force and effect as if set forth in full herein.

56.    Upon information and belief, Defendants have received substantial remuneration in connection with their exploitation of the "Crunk Juice" Album, which contains the sound recording "*In Da Club*."

57.    A dispute has arisen between Mr. Bridges and DTP, on the one hand, and Defendants, on the other, concerning the authorship and ownership of the copyrights in and to the sound recording "*In Da Club*," and the rights to receive royalties and other earnings generated therefrom.

58.    Mr. Bridges and DTP contend that Mr. Bridges is either a co-author of this sound recording, and that he is entitled to a *pro rata* share of all revenues derived in connection with the exploitation of this recording, or that he owns a separate copyrightable work which was incorporated into that recording and is infringed.

59.    Mr. Bridges and DTP further contend that they did not transfer or assign their interest in this sound recording to Defendants, nor was Mr. Bridges' performance therein a work made for hire for Defendants.

60.    Mr. Bridges and DTP are informed and believe that Defendants dispute these contentions.  A judicial declaration is necessary and appropriate at this time to cure the presently unsettled state of affairs and to clarify the parties' respective ownership interests in this sound recording.  Mr. Bridges and DTP have no adequate alternative remedy under the circumstances.

61.    As a result of this dispute, Mr. Bridges and DTP seek a declaration that Mr. Bridges co-authored the sound recording "*In Da Club*" and possesses a copyright interest therein, entitling him to a *pro rata* share of all monies earned through the exploitation of that sound recording, or, in the alternative, that he has a separate copyrightable contribution that was incorporated into that recording and is being infringed.

## FIFTH CLAIM FOR RELIEF

(Declaratory Relief - Copyrightable Contribution in Lyrics, on behalf of all Plaintiffs)

62.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through __ above, with the same force and effect as if set forth in full herein.

63.    A dispute has arisen between Plaintiffs and Defendants concerning Plaintiffs Bridges and Raymond's contributions of words (lyrics) to the Album "Crunk Juice." Plaintiffs contend that Mr. Bridges and Mr. Raymond contributed certain original lyrics which appear on the recording "*Lovers and Friends*" on the Album "Crunk Juice."

64.    Upon information and belief, Defendants dispute this contention. A judicial declaration is necessary and appropriate at this time to cure the presently unsettled state of affairs and to clarify the parties' respective ownership interests in these lyrics. Plaintiffs have no adequate alternative remedy under the circumstances.

65.    As a result of this dispute, Plaintiffs seek a declaration that Mr. Bridges and Mr. Raymond are each the authors of certain lyrics exploited on the Album "Crunk Juice" and maintain their full copyright interests in and to those lyrics.

## SIXTH CLAIM FOR RELIEF

(Lanham Act Unfair Competition, on behalf of all Plaintiffs)

66.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 65 above, with the same force and effect as if set forth in full herein.

67.    Mr. Bridges and Mr. Raymond are highly successful and well-known Grammy-winning artists and performers. They have established reputations at the top of their fields and achieved worldwide renown, expending substantial amounts of time and money to maintain the goodwill they have each established.

68.    Plaintiffs and their representatives have distributed and provided goods and services in interstate commerce in connection with Plaintiffs' goodwill and notoriety, and have realized substantial income from the provision and sale of such goods and services.

69.    Defendants' use of Plaintiffs' performances on the "Crunk Juice" Album is likely to cause confusion, mistake or deception by misleading consumers and the trade into believing that Plaintiffs licensed or otherwise authorized the use of their performances, or that the "Crunk Juice" Album is associated with or otherwise endorsed by Plaintiffs.

70.    Defendants' conduct is in willful and deliberate violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and is highly damaging to Plaintiffs' reputation.

71.    Defendants have profited and continue to profit from their unlawful conduct and will, unless restrained, further impair Plaintiffs' goodwill and reputation, and Plaintiffs will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.

72.    Plaintiffs have no adequate remedy at law.

73.    By reason of the foregoing, Plaintiffs have been damaged in an amount to be proved at trial.

## SEVENTH CLAIM FOR RELIEF

(Accounting, on behalf of all Plaintiffs)

74.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 73 above, with the same force and effect as if set forth in full herein.

75.    Upon information and belief, Defendants have received significant remuneration by recording, copying, distributing and otherwise exploiting the compositions and sound recordings "*Lovers and Friends*" and "*In Da Club*," yet have not paid Plaintiffs their respective share of these earnings.

76.    Under the Copyright Act and the relevant case law pertaining thereto, Defendants have a duty to account to Plaintiffs for these earnings.

## EIGHTH CLAIM FOR RELIEF

(New York Unfair Competition, on behalf of all Plaintiffs)

77.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 76 above, with the same force and effect as if set forth in full herein.

78.    Defendants deliberately have sought to capitalize on Plaintiffs' reputation and goodwill in willful and wanton disregard of Plaintiffs' rights therein.  Defendants' acts constitute misappropriation of Plaintiffs' labor and expenditures and constitute an attempt by Defendants to trade upon the valuable reputation and tremendous goodwill of Plaintiffs.

79.    The acts and conduct of Defendants constitute willful unfair competition in violation of the common law of the State of New York.  Defendants have profited and continue to profit from their infringing activity and will, unless restrained, further impair Plaintiffs' goodwill and reputation, and Plaintiffs will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.

80.    Plaintiffs have no adequate remedy at law.

81.    By reason of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial.

## NINTH CLAIM FOR RELIEF

*[In the Alternative]*

(Breach of Contract, on behalf of all Plaintiffs)

82.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 81 above, with the same force and effect as if set forth in full herein.

83.    To the extent any agreement is deemed to exist between any of the parties regarding the subject matter hereof, entitling Defendants to exploit any of Plaintiffs'

copyrightable contributions on the "Crunk Juice" Album, Defendants have materially breached any such agreements by failing to provide any consideration to Plaintiffs.

84.    To the extent any agreement is deemed to exist, Plaintiffs have performed all conditions, covenants and promises required to be performed.

85.    As a result of Defendants' breach of any agreements, Plaintiffs have been damaged in an amount to be determined at trial.

**TENTH CLAIM FOR RELIEF**

*[In the Alternative]*

(Breach of Implied License / Duty of Good Faith and Fair Dealing, on behalf of all Plaintiffs)

86.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 85 above, with the same force and effect as if set forth in full herein.

87.    To the extent Defendants' use of Plaintiffs' lyrics and performances was made under a license implied by conduct, Defendants have breached the duty of good faith and fair dealing contained within that license.

88.    Any implicit agreement by Plaintiffs to allow the use of their materials on the "Crunk Juice" Album was conditioned upon the understanding that, as consideration for such use, Plaintiffs would be compensated by Defendants with substantial advance payments and a share of future Album royalties.

89.    Defendants have not made any payments to Plaintiffs in connection with any implied license and, to the extent such a license exists, Defendants have breached the duty of good faith and fair dealing contained within it.

90.    By reason of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial.

## ELEVENTH CLAIM FOR RELIEF

*[In the Alternative]*

(Unjust Enrichment, on behalf of all Plaintiffs)

91.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 90 above, with the same force and effect as if set forth in full herein.

92.    By the actions alleged above, Defendants have used the recorded performances and lyrics of Plaintiffs without proper authorization, and have been unjustly enriched by their unlawful conduct at the expense of, and without proper credit to, Plaintiffs.

93.    Defendants' actions in this regard have unjustly enriched and wrongfully benefited Defendants, at the expense of Plaintiffs, in an amount to be determined at trial.


WHEREFORE, Plaintiffs demand judgment as follows:

A.    An Order preliminarily and permanently enjoining Defendants, their agents, servants, employees, representatives, successors and assigns and all persons, firms, corporations or entities acting under their direction, authority or control, and all persons acting directly or indirectly in concert or participation with any of them, from:

(i) manufacturing, distributing, selling, promoting, performing, copying, licensing or otherwise disseminating or exploiting the sound recordings *"Lovers and Friends"* and *"In Da Club,"* which infringe Plaintiffs' copyrights in their respective contributions therein;

(ii) distributing, selling, licensing or otherwise disseminating any sound recordings in the same packaging or with the same title or catalog number as the sound recordings *"Lovers and Friends"* and *"In Da Club"*;

(iii) infringing, or contributing to or participating in the infringement by others of Plaintiffs' copyrights in their respective contributions to the sound recordings "*Lovers and Friends*" and "*In Da Club*"; and

(iv) committing any acts calculated to cause the public to falsely believe that Defendants' goods and/or services are authorized by, sponsored by or otherwise affiliated with the Plaintiffs, or any of them;

B.    An Order directing Defendants to recall all copies of the sound recordings "*Lovers and Friends*" and "*In Da Club*" from all distributors, retailers, promoters or broadcasters to whom they previously distributed, disseminated or sold these recordings;

C.    An Order directing Defendants to deliver up for destruction all copies of the sound recordings "*Lovers and Friends*" and "*In Da Club*," and all packaging, promotional material or other advertising in their possession or control that relates to these recordings, and all parts for the manufacture of phonorecords, including without limitation all matrices, masters, mothers, molds, stampers or stamps, tapes, copies and other articles by which such copies may be reproduced;

D.    An Order directing Defendants to provide an accounting of all sales and profits derived from the sales of the sound recordings "*Lovers and Friends*" and "*In Da Club*" and any other work utilizing or embodying the same title, packaging or catalogue number as these recordings;

E.    That Plaintiffs be awarded actual damages, together with Defendants' profits, in an amount to be determined at trial, for each willful infringement of Plaintiffs' respective copyrights in the sound recordings "*Lovers and Friends*" and "*In Da Club*," pursuant to the Copyright Act, 17 U.S.C. §§ 501 and 504;

F.    That Plaintiffs be awarded any and all profits, in an amount to be determined at trial, derived by reason of the willful and deliberate acts and conduct of defendant as herein above set forth pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117;

G.    That Plaintiffs be awarded enhanced compensatory treble damages, in an amount to be determined at trial, derived by reason of the willful and deliberate acts and conduct of defendant as herein above set forth pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117;

H.    That Plaintiffs be awarded punitive damages in an amount to be determined at trial, but not less than One Million Dollars ($1,000,000.00) to deter the willful and deliberate conduct of Defendants and to avoid future confusion or deception of the public and unfair competition with the Plaintiffs, or any of them;

I.    In the alternative, that Plaintiffs be granted a declaration that Mr. Bridges and Mr. Raymond are co-authors in the sound recording *Lovers and Friends* that appears on the "Crunk Juice" Album, and that each are entitled to a *pro rata* share of all monies earned through the exploitation of that sound recording, and that Mr. Bridges is a co-author of the sound recording *"In Da Club"* that appears on the "Crunk Juice" Album, and that he is entitled to a *pro rata* share of all monies earned through the exploitation of that sound recording.

J.    That Plaintiffs be granted a declaration that Mr. Bridges and Mr. Raymond made separate copyrightable lyrical contributions that appear on the "Crunk Juice" Album, and maintain their full copyright interests in and to these contributions.

K.    In the alternative, that Plaintiffs be awarded such actual damages as Plaintiffs have sustained as a result of Defendants' breach of any agreement, together with appropriate interest thereon;

L.    In the alternative, that Plaintiffs be awarded such actual damages sustained as a result of Defendants' breach of the duty of good faith and fair dealing contained within any implied license granted by Plaintiffs to Defendants for use of their copyrightable contributions;

M.    In the alternative, that Plaintiffs be awarded actual damages resulting from Defendants' unlawful conduct, including the amount by which Defendants were unjustly enriched, in an amount to be proven at trial;

N.    That Plaintiffs be awarded their costs, including reasonable attorneys' fees; and

O.    Granting Plaintiffs such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury of all claims triable of right by a jury.


Dated: New York, New York
       November 15, 2007

SONNENSCHEIN NATH & ROSENTHAL LLP

By: _Christine Lepera_____

        Christine Lepera (CL 9311)
        Robert N. Potter (RP 5757)
        1221 Avenue of the Americas
        New York, New York  10020
        Telephone:  (212) 768-6700

        clepera@sonnenschein.com
        rpotter@sonnenschein.com

        *Attorneys for Plaintiffs*