UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

CHRISTOPHER BRIDGES p/k/a LUDACRIS,
USHER RAYMOND IV p/k/a USHER,
DISTURBING THA PEACE ENTERTAINMENT,
INC., and FAST PACE, INC.,

                        Plaintiffs,

        -against-

TEEVEE TOONS INC., TVT RECORDS LLC,
TEEVEE TOONS INC. d/b/a TVT RECORDS,
TVT MUSIC INC. d/b/a TVT MUSIC
PUBLISHING, BME ENTERPRISES LLC, BME
RECORDINGS LLC, and JONATHAN SMITH
p/k/a LIL JON,

                        Defendants.

----------------------------------------------------------------x

Civil Action No.
07 CV 10369 (DAB)

**DEFENDANT TVT MUSIC INC. MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS AND MOTION FOR MORE
DEFINITE STATEMENT**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................1

RELEVANT FACTUAL BACKGROUND ..........................................................3

ARGUMENT .....................................................................................................4

I.   PLAINTIFFS' FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, EIGHTH
     AND ELEVENTH CLAIMS SHOULD BE DISMISSED .................................4

     A.   Standard Of Review.............................................................................4

     B.   Plaintiffs' First And Second Claims For Copyright Infringement Should
          Be Dismissed .....................................................................................6

     C.   Plaintiffs' Third, Fourth And Fifth Claims For Declaratory Relief Should
          Be Dismissed ....................................................................................10

     D.   Plaintiffs' Sixth and Eighth Claims For Unfair Competition Should Be
          Dismissed..........................................................................................11

     E.   Plaintiffs' Eleventh Claim For Unjust Enrichment Should Be Dismissed...........13

II.  PLAINTIFFS SHOULD PROVIDE A MORE DEFINITE STATEMENT OF
     THE FIRST, SECOND, THIRD, FOURTH, FIFTH, SEVENTH, NINTH AND
     TENTH CLAIMS .........................................................................................14

     A.   Standard Of Review...........................................................................14

     B.   Plaintiffs Should Provide A More Definite Statement For Their First And
          Second Claims For Copyright Infringement .......................................15

     C.   Plaintiffs Should Provide A More Definite Statement For Their Third,
          Fourth, and Fifth Claims For Declaratory Relief ................................18

     D.   Plaintiffs Should Provide A More Definite Statement For Their Seventh
          Claim For Accounting .......................................................................19

     E.   Plaintiffs Should Provide A More Definite Statement For Their Ninth and
          Tenth Claims For Breach Of Contract/Implied License......................19

III. CONCLUSION ...........................................................................................21

# TABLE OF AUTHORITIES

**Page**

## CASES

*Atrium Group de Ediciones y Publicaciones, S.L. v. Abrams*,
___ F. Supp.2d ___, 2008 WL 2743517 (S.D.N.Y. July 11, 2008) .........................................14

*Avon Prods., Inc. v. S.C. Johnson & Son, Inc.*,
984 F. Supp. 768 (S.D.N.Y. 1997) ...............................................................................................13

*Bell Atl. v. Twombly*,
___ U.S. ___, 127 S. Ct. 1955 (2007) ...........................................................................................4

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*,
373 F.3d 296 (2d Cir. 2004) .........................................................................................................13

*Bridgeport Music, Inc. v. Still N The Water Publ'g*, ...........................................................2, 8, 9, 16
327 F.3d 472 (6th Cir. 2003)

*Bridgeport Music, Inc. v. Rhyme Syndicate Music*,
376 F.3d 615 (6th Cir. 2004) ..........................................................................................................9

*Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc.*,
973 F.2d 1033 (2d Cir. 1992) .......................................................................................................13

*Carell v. Shubert Org., Inc.*
104 F. Supp.2d 236 n.14 (S.D.N.Y. 2000) ...................................................................................19

*Charron v. Meaux*,
60 F.R.D. 619 (S.D.N.Y. 1973) ......................................................................................................7

*Conley v. Gibson*,
355 U.S. 41, 78 S. Ct. 99 (1957) ....................................................................................................5

*Darby Trading Inc. v. Shell Int'l Trading & Shipping Co. Ltd.*,
___ F. Supp.2d ___, 2008 WL 852787 (S.D.N.Y. 2008) ..............................................................5

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
539 U.S. 23, 123 S. Ct. 2041 (2003) ............................................................................................12

*De Jesus v. Sears, Roebuck & Co.*,
87 F.3d 65 (2d Cir. 1996) ...............................................................................................................5

*Dead Kennedys v. Biafra*,
37 F. Supp.2d 1151 (N.D. Cal. 1999) ...........................................................................................16

*DiMaggio v. Int'l Sports Ltd.*,
  1998 WL 549690 (S.D.N.Y. Aug. 31, 1998)................................................................7

*Duncan v. AT&T Commc'ns, Inc.*,
  668 F. Supp. 232 (S.D.N.Y. 1987) ..............................................................................5

*Frederick Fell Publishers, Inc. v. Lorayne*,
  422 F. Supp. 808 (S.D.N.Y. 1976) ..............................................................................6

*Grundberg v. Upjohn Co.*,
  137 F.R.D. 372 (D. Utah 1991) ..................................................................................7

*Iqbal v. Hasty*,
  490 F.3d 143 (2d Cir. 2007) .....................................................................................15

*Kelly v. L.L. Cool J.*,
  145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd* 23 F.3d 298 (2d Cir.), *cert. denied*, 513 U.S. 950,
  115 S. Ct. 365 (1994)...............................................................................................7, 8

*Laureyssens v. Idea Group, Inc.*,
  964 F.2d 131 (2d Cir. 1992) ......................................................................................7

*Lennon v. Seaman*
  63 F. Supp.2d 428 (S.D.N.Y.1999) ...........................................................................14

*Merck & Co., Inc. v. Mediplan Health Consulting, Inc.*,
  425 F. Supp.2d 401 (S.D.N.Y. 2006) .......................................................................12

*Newsome v. Brown*,
  209 Fed. Appx. 11 (2d Cir. 2006)..............................................................................16

*Ross v. Bank of Am.*,
  524 F.4d 217 (2d Cir. 2008) .......................................................................................5

*Simmons v. Abruzzo*,
  49 F.3d 83 (2d Cir. 1995) ...........................................................................................5

*Vargas v. Pfizer, Inc.*,
  418 F. Supp.2d 369 (S.D.N.Y. 2005) .........................................................................7

*Weber v. Geffen Records*
  63 F. Supp.2d 458 (S.D.N.Y. 1999) .........................................................................19

*Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp.*,
  354 F.3d 112 (2d Cir. 2003) .......................................................................................6

## STATUTES

11 U.S.C. Section 362(a)(1) ................................................................................1

15 U.S.C. Section 1125(a)(1)(A) ...............................................................11, 12

17 U.S.C. Section 101 ........................................................................................8

17 U.S.C. Section 102(a)(1) ............................................................................13

17 U.S.C. Section 106 ......................................................................................13

17 U.S.C. Section 301 ......................................................................................13

17 U.S.C. Section 411(a) ...................................................................................6

## OTHER AUTHORITIES

5 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 24.03[A] (1999). ....................2

1 Howard B. Adams, *The Law of Copyright* § 5:16 (2007) ...........................................2

Defendant TVT Music Inc. d/b/a TVT Music Publishing ("TVT Music Publishing") respectfully submits this memorandum of law in support of its motions (1) to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Rules"), the claims of plaintiffs Christopher Bridges p/k/a Ludacris ("Bridges") and Usher Raymond IV p/k/a Usher ("Raymond"), Disturbing Tha Peace Entertainment, Inc. ("DTP") and Fast Pace, Inc. (collectively, "Plaintiffs") for (i) copyright infringement (First and Second Claims), (ii) declaratory relief regarding copyright ownership and/or authorship (Third, Fourth and Fifth Claims), (iii) unfair competition (Sixth and Eighth Claims) and (iv) unjust enrichment (Eleventh Claim), and (2) for a more definite statement, pursuant to Rule 12(e), with respect to Plaintiffs' claims for (i) copyright infringement (in the alternative to the relief requested above) (First and Second Claims), (ii) declaratory relief regarding copyright ownership and/or authorship (in the alternative to the relief requested above) (Third, Fourth and Fifth Claims), (iii) accounting (Seventh Claim) and (iv) breach of contract and/or implied license (Ninth and Tenth Claims).

## PRELIMINARY STATEMENT

Plaintiffs have asserted numerous claims against TVT Music Publishing and the other named defendants (collectively, "Defendants") in connection with the sound recordings "Lovers and Friends" and "In Da Club" (together, the "Sound Recordings"), both of which appear on the album "Crunk Juice" (the "Album") by Defendant Jonathan Smith p/k/a Lil Jon ("Lil Jon"), released by Defendant TeeVee Toons, Inc. d/b/a TVT Records ("TVT Records").[1]  Plaintiffs have also alleged several claims against TVT Music Publishing and the other named Defendants in connection with the musical compositions entitled "Lovers and Friends" and "In Da Club" (together, the "Musical Compositions").

---

[1] On February 19, 2008, TVT Records filed a bankruptcy petition under chapter 11 of title 11 of the U.S. Code in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-10562 (ALG).  Because its bankruptcy case remains pending, this action is stayed with respect to TVT Records.  11 U.S.C. § 362(a)(1).

Plaintiffs allege claims against Defendants for copyright infringement of the Sound Recordings. They *do not allege* any claims for copyright infringement of the Musical Compositions. Whatever the viability of Plaintiffs' causes of action against the other Defendants may be, *Plaintiffs can have no legitimate claim against TVT Music Publishing for infringement of the Sound Recordings.* TVT Music Publishing is a music publishing company, not a record company, and TVT does not produce, manufacture, copy or distribute sound recordings. Typically, record companies, such as TVT Records, own sound recordings. *See Staggers v. Real Authentic Sound*, 77 F. Supp.2d 57, 63 n.7 (D. D.C. 1999) ("under industry standards, the record company … owns the sound recording"), citing 5 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 24.03[A] (1999). Music publishers, in contrast, own copyrights in musical works themselves. *See generally* 1 Howard B. Adams, *The Law of Copyright* § 5:16 (2007); *see also Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 476 (6th Cir. 2003).

Plaintiffs are well aware that TVT Music Publishing has nothing whatsoever to do with the alleged infringement of the Sound Recordings, and never allege otherwise in the Complaint. Indeed, Plaintiffs never articulate *any* **facts and/or theories** under which a music publishing company such as TVT Music Publishing could be liable for infringement of the Sound Recordings embodied on the Album. Although Plaintiffs do allege that TVT Music Publishing has received income from the exploitation of the Album, as discussed below, this fact, even if true, cannot form the basis for a valid infringement claim. Plaintiffs also have failed to provide copies of any registration certificates establishing their purported copyright interests, or even to allege that they have such registrations. Accordingly, Plaintiffs have failed to state claims for copyright infringement against TVT Music Publishing, and such claims, together with Plaintiffs'

related claims for declaratory judgment, should be dismissed with respect to TVT Music Publishing.

Plaintiffs' unfair competition and unjust enrichment claims also should be dismissed. The United States Supreme Court has ruled that the authors of intellectual property such as sound recordings and musical compositions are not afforded protection under Section 43(a) of the Lanham Act. Thus, Plaintiffs' Lanham Act claim and their accompanying state law unfair competition claim should be dismissed. Plaintiffs' state law claim for unjust enrichment should be dismissed because it is preempted by the Copyright Act.

Plaintiffs' accounting and breach of contract and/or implied license claims are so vague, ambiguous and lacking in factual support that, at an absolute minimum, Plaintiffs should be required to provide a more definite statement of each such claim. Moreover, in the event that the Court does not grant the motion to dismiss Plaintiffs' claims against TVT Music Publishing for copyright infringement and declaratory relief, Plaintiffs should be required to provide more definite statements as to those claims as well.

## RELEVANT FACTUAL BACKGROUND

Plaintiffs allege that Bridges recorded vocal performances on both Sound Recordings and contributed original lyrics to both Musical Compositions.[2] Comp ¶¶ 15, 19-20. Plaintiffs further allege that Bridges is a co-author and co-owner of both Sound Recordings and a joint owner of the musical composition "In Da Club." *Id.* ¶¶ 18-19. Plaintiffs appear to allege that Bridges owns a separate copyright interest in the Musical Composition "Lovers and Friends." *Id.* ¶¶ 20-21. Plaintiffs allege that Raymond recorded a vocal performance on the Sound Recording "Lovers and Friends" and wrote lyrics that appear within the Musical Composition "Lovers and

---

[2] For purposes of a motion to dismiss, Plaintiffs' material factual allegations are accepted as true. *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008).

Friends." *Id.* ¶¶ 22, 26.  Plaintiffs further allege that Raymond is a co-author and co-owner of

the "Lovers and Friends" Sound Recording and appear to allege that he owns a separate

copyright interest in the Musical Composition "Lovers and Friends." *Id.* ¶¶ 25-27.

Plaintiffs also allege that they and Defendants contemplated agreements which would

authorize Defendants to exploit Plaintiffs' copyrightable contributions to the Album, but that

such agreements were never binding or performed, and were contingent upon the performance of

certain conditions precedent that remain unperformed. *Id.* ¶¶ 16-17, 23-24, 31, 41.  Plaintiffs do

not specify who the parties to these purported agreements were, however, nor do they provide

any details concerning the contemplated terms or subject matter of the agreements.  The

Complaint also does not indicate whether these purported agreements were ever executed by the

parties.  Nonetheless, Plaintiffs also allege in the alternative that any such agreement was and is

rescinded and rendered null and void because Defendants failed to perform their obligations

thereunder and never proffered any consideration.  Comp. ¶¶ 16-17, 23-24, 31, 41.

## ARGUMENT

## I.

## PLAINTIFFS' FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, EIGHTH AND ELEVENTH CLAIMS SHOULD BE DISMISSED

### A.    Standard Of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts

sufficient to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  In its most

recent analysis of the pleading requirements, the United States Supreme Court articulated a new

standard, holding that a plaintiff's obligation to provide "grounds" for entitlement to relief

requires more than mere "labels and conclusions," and that "a formulaic recitation of the

elements of a cause of action" is not enough. *Bell Atl. v. Twombly*, ___ U.S. ___, 127 S. Ct.

1955, 1965 (2007); *id.* at 1968-69 (expressly abandoning the concept, articulated in *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); *see also Ross v. Bank of Am.,* 524 F.4d 217, 225 (2d Cir. 2008) (*Twombly* "requires a heightened pleading standard in those contexts where [factual] amplification is needed to render [a] claim plausible"). Indeed, under Rule 8(a)(2), a plaintiff must make a "*showing*, rather than a blanket assertion, of entitlement to relief." 127 S. Ct. at 1965 n.3 (citation omitted) (emphasis added).

Sending a strong signal to lower courts that plaintiffs should not be allowed to proceed to discovery with groundless claims, the Supreme Court stated that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966 (internal citations omitted). Thus, after *Twombly*, courts in this Circuit have required pleaders to "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Darby Trading Inc. v. Shell Int'l Trading & Shipping Co. Ltd.,* ___ F. Supp.2d ___, 2008 WL 852787, *3 (S.D.N.Y. 2008), *citing Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in the original). The complaint also must give "fair notice of the claim asserted" to allow a defendant "to answer and prepare for trial." *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir. 1995) (citations omitted). Accordingly, "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." *De Jesus v. Sears, Roebuck & Co.,* 87 F.3d 65, 70 (2d Cir. 1996) (citations omitted); *see also Duncan v. AT&T Commc'ns, Inc.,* 668 F. Supp. 232, 234 (S.D.N.Y. 1987) (individual allegations "may be so baldly conclusory that they fail to give notice

of the basic events and circumstances of which the plaintiff complains . . . and, as a matter of law, [are] insufficient to state a claim").

As discussed below, Plaintiffs have not, because they cannot, allege facts sufficient to show their entitlement to relief against TVT Music Publishing for copyright infringement, unfair competition or unjust enrichment. Accordingly, the First, Second, Third, Fourth, Fifth, Sixth, Eighth and Eleventh Claims should be dismissed against TVT Music Publishing.

### B.    Plaintiffs' First And Second Claims For Copyright Infringement Should Be Dismissed

Plaintiffs' First Claim for Copyright Infringement with respect to the "Lovers & Friends Sound recording and Second Claim for Copyright Infringement as to the "In Da Club" Sound Recording should be dismissed for failure to state a claim upon which relief can be granted against TVT Music Publishing. The grounds for the dismissal are Plaintiffs' failure to obtain certificates of registration for the Sound Recordings from the United States Copyright Office or allege any facts against TVT Music Publishing on which Plaintiffs could state a claim for copyright infringement of the Sound Recordings.

It is hornbook law that no action for copyright infringement can be instituted unless the plaintiff's work has been registered with the United States Copyright Office in compliance with the United States Copyright Act. *See* 17 U.S.C. § 411(a); *see also Frederick Fell Publishers, Inc. v. Lorayne*, 422 F. Supp. 808, 810-811, (S.D.N.Y. 1976) ("Failure to comply [with statutory deposit and registration requirements] bars suit and failure to allege compliance renders the complaint defective.").[3]

---

[3] Notably, 17 U.SC. § 411(a) is jurisdictional. *In re Literary Works in Elec. Databases Copyright Litig.*, 509 F.3d 116, 121 (2d Cir. 2007). Accordingly, Plaintiffs' First and Second Claims also must be dismissed for lack of subject matter jurisdiction. *See Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp.*, 354 F.3d 112, 116 (2d Cir. 2003) (holding that because plaintiff had failed to register its alleged copyright, the district court lacked subject matter jurisdiction and was barred from considering whether the copyright had been infringed).

Registration of the copyright is key. *See Charron v. Meaux*, 60 F.R.D. 619, 624 (S.D.N.Y. 1973) ("[d]eposit and registration are clearly prerequisites to a suit for copyright infringement"); *see also Grundberg v. Upjohn Co.*, 137 F.R.D. 372, 382 (D. Utah 1991) ("[a] valid copyright certificate must exist to support a copyright infringement action"). This is because a plaintiff must demonstrate *ownership* of a valid copyright to pursue an infringement case. *See Laureyssens v. Idea Group, Inc.*, 964 F.2d 131, 139 (2d Cir. 1992). Attaching a certificate of registration to the complaint creates a *prima facie* presumption of such ownership. *Vargas v. Pfizer, Inc.*, 418 F. Supp.2d 369, 373 (S.D.N.Y. 2005).

Plaintiffs have not provided copies of any certificates of registration in connection with their purported copyrights. Nor do Plaintiffs even allege that they have obtained any such certificates, instead merely stating that their contributions to the Sound Recordings "are copyrightable" and that they "have or will apply for a registration of copyright interest from the United States Copyright Office." Comp. ¶¶ 33, 43. This is a fatal flaw, which requires dismissal of Plaintiffs' infringement claims. *See Vargas*, 418 F. Supp.2d at 373 (dismissing sound recording copyright infringement claim for failure to attach certificate of registration for underlying sound recording); *DiMaggio v. Int'l Sports Ltd.*, 1998 WL 549690, *2 (S.D.N.Y. Aug. 31, 1998) (dismissing copyright infringement claim for failure to allege that images at issue were registered pursuant to statutory requirements); *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 35 (S.D.N.Y. 1992), *aff'd* 23 F.3d 298 (2d Cir.), *cert. denied*, 513 U.S. 950, 115 S. Ct. 365 (1994) (holding that plaintiff's complaint failed to satisfy Rule 8 requirements with respect to claim of copyright infringement on song which plaintiff had not alleged was registered pursuant to statutory requirements).

Moreover, even if Plaintiffs have obtained copyright registrations for the Sound Recordings, they still can not state a claim against TVT Music Publishing for copyright infringement of those sound recordings. To state a claim for copyright infringement, a plaintiff must allege: (1) which specific original works are the subject of the copyright claim, (2) that the plaintiff owns the copyrights in those works, (3) that the copyrights have been registered, and (4) by what acts during what time the defendant infringed the copyright. *Kelly*, 145 F.R.D. at 36. Plaintiffs have not, and can not, allege any acts committed by TVT Music Publishing on which to base a claim against TVT Music Publishing for infringement of either of the Sound Recordings.

Although Defendants consist of multiple persons and corporate entities which played very different roles in the events at issue, Plaintiffs make no meaningful distinction between them and make no effort to delineate the specific infringing actions purportedly committed by each Defendant. Plaintiffs instead lump Defendants together as a single, homogenous entity, alleging that Defendants "copied, distributed, promoted, sold, licensed and/or authorized the manufacture, distribution and sale" of the Sound Recordings. *See* Comp. ¶¶ 29, 39. However, as Plaintiffs know perfectly well, TVT Music Publishing does not produce, manufacture or distribute records. TVT Music Publishing is a music publishing company. A music publishing company or music publisher owns and/or administers musical compositions. Music publishers have nothing to do with sound recordings. *See supra, The Law of Copyright,* § 5:16; *Bridgeport Music, Inc.*, 327 F.3d at 476. Sound recordings are works that result from the fixation of a series of musical, spoken, or other sounds. 17 U.S.C. § 101. The recordings at issue allegedly embodying the performances of Bridges and Raymond are Sound Recordings. Sound Recordings are typically owned by record companies such as TVT Records. *See supra, 5*

*Nimmer on Copyright*, § 24.03[A].  Indeed, although Plaintiffs allege that Defendants TVT Records and BME Enterprises LLC and BME Recordings LLC (together, "BME") produce records, including the Album, Plaintiffs conspicuously do *not* assert the same facts with respect to TVT Music Publishing.  *See* Comp. ¶¶ 8-11.  To the contrary, Plaintiffs merely allege that TVT Music Publishing "publishes and receives income from the exploitation of the Album."  *Id.* ¶ 9.  Thus, Plaintiffs admit in the Complaint that TVT Music Publishing was not involved in the production, manufacturing or distribution of the Sound Recordings.

Plaintiffs do not articulate in their Complaint any theory and/or facts under which a music publisher such as TVT Music Publishing can be liable for an alleged infringement of a sound recording.  Indeed, TVT Music Publishing *cannot* be liable for infringing a sound recording because TVT Music Publishing does not produce, manufacture, copy or distribute sound recordings.  Plaintiffs do allege that TVT Music Publishing receives *income* from the exploitation of the Album, Comp. ¶ 9, but that fact alone does not constitute copyright infringement.  Courts have expressly rejected the argument that a music publisher's receipt of royalties is sufficient to incur infringement liability.  *See Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004).  Moreover, as Plaintiffs well know, even if TVT Music Publishing were to receive any income, it would be from the exploitation of the musical compositions embodied on the Sound Recordings, not from the exploitation of the Sound Recordings themselves.

Because Plaintiffs have neither attached nor identified certificates of registration with respect to their alleged copyright interests in the Sound Recordings, nor alleged that TVT Music Publishing engaged in any of the purportedly infringing activities with respect to the Sound Recordings, Plaintiffs' First and Second Claims against TVT Music Publishing for copyright

infringement with respect to the Sound Recordings must be dismissed for failure to state a claim upon which relief can be granted.

### C.    Plaintiffs' Third, Fourth And Fifth Claims For Declaratory Relief Should Be Dismissed

Plaintiffs' Third Claim for Declaratory Relief with respect to the "Lovers & Friends Sound Recording, Fourth Claim for Declaratory Relief with respect to the "In Da Club" Sound Recording and Fifth Claim for Declaratory Relief with respect to the "In Da Club' Musical Composition should be dismissed for failure to state a claim upon which relief can be granted against TVT Music Publishing.  In their Third and Fourth Claims for Relief, Plaintiffs seek a declaration from the Court that Bridges and Raymond either co-authored the Sound Recordings or have separate copyrightable interests in them.  As set forth above, Plaintiffs do not, and cannot, allege that TVT Music Publishing claims an ownership interest in the Sound Recordings. TVT Music Publishing is a music publishing company.  Thus, it owns musical compositions.  It does not own sound recordings.  Record companies such as TVT Records own Sound Recordings.  Thus, TVT Music Publishing has no stake or interest in the outcome of the issue that is the subject of the Third and Fourth Claims for Relief.  Accordingly, the Third and Fourth Claims as to TVT Music publishing should be dismissed for failure to state a claim upon which relief can be granted.

In their Fifth claim for relief, Plaintiffs seek a declaration from the Court that Bridges and Raymond are the authors of certain lyrics contained in the "Friends & Lovers" Musical Composition.  However, Plaintiffs do not, and cannot, allege that TVT Music Publishing claims an ownership interest in the "Friends & Lovers" Musical Composition.  Accordingly, the Fifth Claim as to TVT Music publishing should also be dismissed for failure to state a claim upon which relief can be granted.

**D.    Plaintiffs' Sixth And Eighth Claims For Unfair
       Competition Should Be Dismissed**

Plaintiffs' Sixth Claim for Relief for unfair competition under Lanham Act and their

Eighth Claim for Relief for unfair competition under New York state law should be dismissed

for failure to state a claim upon which relief can be granted.

Plaintiffs' federal unfair competition cause of action (Sixth Claim) alleges violation of

the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).  Specifically, Plaintiffs allege that the "use of

Plaintiffs' performances on the 'Crunk Juice' Album is likely to cause confusion, mistake or

deception by misleading consumers and the trade into believing that Plaintiffs licensed or

otherwise authorized the use of their performances, or that the 'Crunk Juice' Album is associated

with or otherwise endorsed by Plaintiffs." Comp. ¶ 69.

15 U.S.C. § 1125(a) provides:

(1)  Any person who, on or in connection with any goods … uses in commerce any *word*,
*term*, *name*, *symbol*, or *device*, or any combination thereof, or any false *designation of
origin*, false or misleading *description of fact*, or false or misleading *representation of
fact*, which—

(A)  is likely to cause confusion, or to cause mistake, or to deceive as to the
affiliation, connection, or association of such person with another person, or as to
the origin, sponsorship, or approval of his or her goods, services, or commercial
activities by another person.

(emphasis added).  Although Plaintiffs allege that the "use" of their performances on the Album

is likely to cause confusion, mistake or deception (Comp. ¶ 69), there are no allegations that the

Album contains any specific false or confusing words, names, symbols, facts, or representations.

Accordingly, it is clear that Plaintiffs are attempting to articulate a misattribution of

authorship/false designation of origin claim based on a theory that the "origin" of the work at

issue, as referenced in 15 U.S.C. § 1125(a)(1)(A), means the authorship or copyright ownership

of the material.  In other words, the basis of the claim is that someone other than Bridges and

Raymond were credited as the authors of the Sound Recordings. Yet the United States Supreme Court has rejected this very argument in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 123 S. Ct. 2041 (2003).

In *Dastar*, the Supreme Court defined the concept of "the origin of goods" for Lanham Act purposes, stating that the phrase "refers to the producer of the tangible goods that are offered for sale, and *not to the author of any idea, concept, or communication embodied in those goods*." 539 U.S. at 37, 123 S. Ct. at 2050 (emphasis added). In other words, the "originator" of goods under the Lanham Act is the *manufacturer* of the goods. In contrast, for copyright purposes, "originator" refers to the author/owner of the copyright, or, as the Supreme Court wrote, "[t]he person or entity that originated the ideas or communications that 'goods' embody or contain." 539 U.S. at 32, 123 S. Ct. at 2047. The Supreme Court expressly held, however, that Lanham Act protections do not extend to such persons. *Id.*

Bridges and Raymond are allegedly, at most, co-authors of certain performances embodied on the Album. Accordingly, Plaintiffs cannot state a claim against any of the Defendants for violation of the Lanham Act. Moreover, even if Plaintiffs could state such a claim against any of the Defendants, they could not do so against TVT Music Publishing because it does not have anything to do with the manufacture, distribution or sale of the Album. Thus, the Sixth Claim against TVT Music Publishing for violation of the Lanham should be dismissed for failure to state a claim upon which relief can be granted.

Plaintiffs' New York state law unfair competition claim (Eighth Claim) also must be dismissed for the same reasons. New York state unfair competition law largely tracks federal law, and the same analysis applies to unfair competition claims under New York law and Section 1125(a) of the Lanham Act. *See Merck & Co., Inc. v. Mediplan Health Consulting, Inc.*, 425 F.

Supp.2d 401, 410 (S.D.N.Y. 2006); *see also Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc.,* 973 F.2d 1033, 1048 (2d Cir. 1992) (applying same likelihood of confusion analysis to claims under New York law as to claims under Lanham Act); *Avon Prods., Inc. v. S.C. Johnson & Son, Inc.,* 984 F. Supp. 768, 800 (S.D.N.Y. 1997) ("The standards for bringing a claim under § 43(a) of the Lanham Act are substantially the same as those applied to claims brought under [New York law]."). Because Plaintiffs' Lanham Act claim fails to state a cause of action, so too does Plaintiffs' state law unfair competition claim, and both should be dismissed.

### E. Plaintiffs' Eleventh Claim For Unjust Enrichment Should Be Dismissed

Plaintiffs' New York state law unjust enrichment claim (Eleventh Claim) also must be dismissed, because it is preempted by the Copyright Act, which provides that any claims that are "equivalent to any of the exclusive rights within the general scope" of copyright law "are governed exclusively by this title." 17 U.S.C. § 301(a). Courts have read 17 U.S.C. § 301 to present a two-prong test for determining whether the Copyright Act exclusively governs a claim, holding that preemption occurs when: (1) the claim seeks to vindicate rights that are equivalent to one of the exclusive rights protected by section 106 of the Copyright Act, and (2) the work falls within the type of works protected by sections 102 and 103 of the Copyright Act. The first prong is known as the "general scope requirement," while the second prong is called the "subject matter requirement." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.,* 373 F.3d 296, 305 (2d Cir. 2004). Both prongs are clearly satisfied here: (1) Plaintiffs are seeking to vindicate their purported exclusive rights to exploit the Sound Recordings and Musical Compositions (*see* 17 U.S.C. § 106) and (2) the Sound Recordings and Musical Compositions are the subject matter of copyright law (*see* 17 U.S.C. § 102(a)(1), (7)).

A state common law claim will escape preemption only when there is some "extra element" that renders the claim qualitatively different from a copyright infringement claim. *Atrium Group de Ediciones y Publicaciones, S.L. v. Abrams*, __ F. Supp.2d __, 2008 WL 2743517, \*3 (S.D.N.Y. July 11, 2008). Plaintiffs do not allege any "extra elements" in their unjust enrichment claim. To the contrary, Plaintiffs simply incorporate by reference the allegations made in connection with their other claims and state that "Defendants have used the recorded performances and lyrics of Plaintiffs without proper authorization, and have been unjustly enriched by their unlawful conduct" – essentially a reiteration of their copyright infringement claims. Comp. ¶ 92. It is not surprising that Plaintiffs should merely repeat their factual allegations relating to infringement, as "[c]ourts have generally held that the unjust enrichment theory creates rights that are essentially equivalent to those created under federal copyright law." *Atrium*, 2008 WL 2743517, at \*3, *citing Lennon v. Seaman,* 63 F. Supp.2d 428, 435 (S.D.N.Y. 1999). Because Plaintiffs' claim for unjust enrichment is duplicative of their infringement claims, it must be dismissed as preempted by the Copyright Act.

## II.

### PLAINTIFFS SHOULD PROVIDE A MORE DEFINITE STATEMENT OF THE FIRST, SECOND, THIRD, FOURTH, FIFTH, SEVENTH, NINTH AND TENTH CLAIMS

**A.**    **Standard Of Review**

Pursuant to Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *see Kelly v. L.L. Cool J.*, 145 F.R.D. at 35. The Second Circuit has noted that in order to survive a motion to dismiss under the "plausibility standard" of *Twombly*, "a conclusory allegation concerning some elements of a

plaintiff's claims might need to be fleshed out by a plaintiff's response to a defendant's motion for a more definite statement." *Iqbal*, 490 F.3d 143 at 158.

As set forth below, Plaintiffs' factual allegations in connection with their claims for copyright infringement, declaratory relief, accounting and breach of contract and/or implied license are so vague and ambiguous with respect to TVT Music Publishing that TVT Music Publishing cannot reasonably prepare a response. Accordingly, Plaintiffs should be required to provide a more definite statement of the First, Second, Third, Fourth and Fifth Claims (if such claims are not dismissed), as well as the Seventh, Ninth and Tenth Claims.

### B.   Plaintiffs Should Provide A More Definite Statement For Their First And Second Claims For Copyright Infringement

Should the Court decline to dismiss Plaintiffs' infringement claims, TVT Music Publishing requests that the Court compel Plaintiffs to provide a more definite statement with respect to the First and Second Claims for Copyright Infringement, *particularly as they relate to TVT Music Publishing*. As discussed above, Plaintiffs make no distinction between Defendants and make no effort to delineate the specific infringing actions purportedly committed by each Defendant. Yet, as Plaintiffs implicitly acknowledge, TVT Music Publishing does not produce, manufacture or distribute records. *See* Comp. ¶¶ 8-11. To the contrary, the most Plaintiffs allege against TVT Music Publishing is that TVT Music Publishing "publishes and receives income from the exploitation of the Album." *Id.* ¶ 9.

Because Plaintiffs do not articulate in their Complaint *any* facts and/or theories under which a music publishing company such as TVT Music Publishing could be liable for an alleged infringement of the Sound Recordings, TVT Music Publishing is incapable of determining on the facts pled how it can be liable for infringement. Plaintiffs do not, and cannot in good faith, allege that TVT Music Publishing produces, manufactures, copies or distributes sound

recordings, and although they allege TVT Music Publishing receives income from the exploitation of the Album, that alone, even if true, does not constitute copyright infringement. *See Bridgeport Music*, 376 F.3d at 623 (expressly rejecting argument that music publisher's receipt of royalties from the performance of a song was sufficient to incur infringement liability).

In addition to their failure to allege the nature of TVT Music Publishing's purported infringement with specificity, Plaintiffs also have not clearly articulated their own alleged interests in the Sound Recordings. For example, Plaintiffs allege that Raymond "remains a co-author and co-owner" of the Sound Recordings and that Bridges "remains a co-author and co-owner" of the "Lover and Friends" Sound Recording. Comp. ¶¶ 18, 25. Plaintiffs fail to allege the names of the *other* "co-authors" and "co-owners." TVT Music Publishing contends that the reason Plaintiffs do not name the other co-authors and co-owners is because Lil Jon and/or various of the other Defendants are co-authors and co-owners of the Sound Recordings with Bridges and Raymond. This is a significant omission. If the other co-authors should include Lil Jon, for example, then Plaintiffs cannot state a claim for copyright infringement against Lil Jon or his assignees because it is hornbook law that one joint copyright owner cannot state a claim for copyright infringement against another co-owner. *See Newsome v. Brown*, 209 Fed. Appx. 11, 12 (2d Cir. 2006) ("co-authors cannot be liable to one another for copyright infringement"); *Dead Kennedys v. Biafra*, 37 F. Supp.2d 1151, 1153 (N.D. Cal. 1999) ("Co-owners of a copyright . . . cannot be liable to one another for infringement of that copyright as a matter of law"). Similarly, a joint author, such as Raymond and/or Bridges, cannot state a claim against an assignee of another joint author, such as TVT Records and/or BME. *See Newsome*, 209 Fed. Appx. at 12 (because co-authors of copyrights cannot be held liable to one another for infringement, plaintiff also could have no claim against assignee of co-author); *Dead Kennedys*,

37 F. Supp.2d at 1153 (same with respect to licensee of co-owner). Certainly, if Plaintiffs cannot state a claim against those Defendants, they cannot state a claim against TVT Music Publishing, which had *nothing whatsoever* to do with the producing, manufacturing, copying or distributing of the Sound Recordings.

Indeed, TVT Music Publishing contends that Plaintiffs cannot in good faith deny that Lil Jon and/or various of the other Defendants are co-authors of the Sound Recordings along with Bridges and Raymond. Accordingly, Plaintiffs, shall have to drop their First and Second Claims for Copyright Infringement, and (1) Plaintiffs shall have to strike their request in their Third Claim for Relief for a Declaration that Bridges and Raymond are either co-authors of the "Lovers & Friends" Sound Recording or have separate copyright contributions therein and (2) Bridges and his loan-out company, DTP, will have to drop their request for a Declaration that they are either co-authors of the "In Da Club" Sound Recordings or own a separate copyright interest therein.

Finally, Plaintiffs fail to allege *which* Plaintiff owns the copyrights in the Sound Recordings. The First Claim is brought on behalf of all of the Plaintiffs and the Second Claim on behalf of Bridges and DTP. Only the actual owner of the copyright in a sound recording can allege a claim for copyright infringement of the recording. Thus, the claim can be brought only on behalf of that Plaintiff.

For all the above reasons, Plaintiffs' copyright infringement allegations (First and Second Claims) are so vague and ambiguous that TVT Music Publishing cannot reasonably prepare a response. Accordingly, if the Court declines to dismiss such Claims outright, TVT Music Publishing requests that Plaintiffs be required to provide a more definite statement of such Claims.

**C.    Plaintiffs Should Provide A More Definite Statement
For Their Third, Fourth, And Fifth Claims For
<u>Declaratory Relief</u>**

In the alternative, TVT Music Publishing requests that Plaintiffs be required to provide a more definite statement with respect to their Third, Fourth and Fifth Claims for Declaratory Relief.  As discussed above, TVT does not assert as interest in the Sound Recordings or the musical computation "In Da Club."  Moreover, Plaintiff do not set forth any facts or theories as to why TVT Music Publishing should be a party to these claims.  Plaintiffs state that they are "informed and believe" that Defendants "dispute" Plaintiffs' contentions with respect to the alleged copyrights.  Comp. ¶¶ 53, 60.  To the contrary, TVT Music Publishing takes no position on these issues.  If TVT Music Publishing is compelled to prepare a substantive response to the substance of these claims, Plaintiffs should first be required to provide a more definite statement of how precisely the claims relate *to TVT Music Publishing.*

In their claims for declaratory relief with respect to the "Lovers and Friends" and "In Da Club" Sound Recordings (Third and Fourth Claims), Plaintiffs make no distinction between the various Defendants.  Plaintiffs' declaratory relief claim with respect to lyrics (Fifth Claim) is similarly vague and ambiguous with respect to TVT Music Publishing, because Plaintiffs again lump TVT Music Publishing together with the other Defendants in reference to the alleged "dispute" over authorship of certain lyrics on the Album.  Comp. ¶¶ 63-64.  Plaintiffs again do not distinguish between the various Plaintiffs.  Thus, Defendants cannot determine from the Complaint which Plaintiffs are claiming to be the owners of the copyrights at issue.  Thus, Plaintiffs should be required to provide a more definite statement.

**D.    Plaintiffs Should Provide A More Definite Statement
For Their Seventh Claim For Accounting**

Plaintiffs allege that "Defendants have received significant remuneration by recording, copying, distributing and otherwise exploiting the compositions and sound recordings 'Lovers and Friends' and 'In De Club,' yet have not paid Plaintiffs their respective share of these earnings." Comp. ¶ 75. A claim for accounting is a remedy premised on a determination of co-ownership because the duty to account for profits "presupposes a relationship as co-owners of the copyright." *Weber v. Geffen Records,* 63 F. Supp.2d 458, 464 (S.D.N.Y. 1999); *see also Carell v. Shubert Org., Inc.*, 104 F. Supp.2d 236, 253 n.14 (S.D.N.Y. 2000) ("the remedy of an accounting requires a declaration of co-ownership").

Although Plaintiffs allege that TVT Music Publishing "publishes and receives income from the exploitation of the Album," *id.* ¶ 9, they do not assert that TVT Music Publishing is a co-owner of any of the alleged copyrights at issue.[4] Indeed, TVT Music Publishing is not a co-owner of the Sound Recordings or the Musical Compositions "Lovers & Friends," even though some of the other Defendants may be. Accordingly, it is unclear how Plaintiffs could conceivably have a remedy of accounting against TVT Music Publishing under the facts pled. Because Plaintiffs' demand for an accounting is so vague and ambiguous that TVT Music Publishing cannot reasonably prepare a response, TVT Music Publishing respectfully requests that the Court require Plaintiffs to provide a more definite statement of the Seventh Claim.

**E.    Plaintiffs Should Provide A More Definite Statement
For Their Ninth And Tenth Claims For Breach Of
Contract/Implied License**

Finally, Plaintiffs allege that, to the extent a contract or implied license existed, Defendants breached such contract or implied license (Ninth and Tenth Claims). These claims

---

[4] As noted above, Plaintiffs also fail to allege which *Plaintiffs* are the co-owners of the sound recordings and composition. Only those specific Plaintiffs could allege a claim for accounting against the other co-authors.

are vague to the point of being nonsensical, and Plaintiffs should be required to provide more definite statements.

In the Ninth Claim, Plaintiffs assert that "[t]o the extent any agreement is deemed to exist between any of the parties regarding the subject matter hereof . . . Defendants have materially breached any such agreement," whereas "Plaintiffs have performed all conditions, covenants and promises required to be performed." Comp. ¶¶ 83-84. Notwithstanding these conclusory statements, however, Plaintiffs allege *no facts whatsoever* concerning any such contract, such as (1) which Plaintiffs may be parties, (2) which Defendants may be parties, (3) the contract's subject matter, (4) the contract's terms, or (5) the adequacy of either side's performance thereunder. Indeed, Plaintiffs provide no clue as to whether they even have any specific contract or contracts in mind.

Plaintiffs make a vague reference to "contemplated" agreements in their Complaint, in the First and Second Claims. *See* Comp. ¶¶ 16, 23. Are these the same "agreements" to which Plaintiffs are referring in the Ninth Claim, or are Plaintiffs referring to a different written or oral agreement or implied contract? Were any agreements ever executed? Between which parties? Assuming a contract or contracts exist, which Defendants committed the breach? Based on what actions? Plaintiffs to not allege facts sufficient to answer any of these questions. Instead, Plaintiffs simply present a hoped-for legal finding – namely, that if any contract exists, the Defendants breached it – in the guise of a factual allegation.

Even under the most liberal reading of pleading requirements in this Circuit, Plaintiffs' claim – that *if* a contract, between *any* of the parties to this action, of *unknown* subject matter, containing *unknown terms*, even *exists*, then Defendants *breached* it – cannot satisfy Rule

8(a)(2). *See Twombly*, 127 S. Ct. at 1965 n.3 (under the Rule 8(a)(2) pleading requirements, a plaintiff must make a "*showing*, rather than a blanket assertion, of entitlement to relief").

Plaintiffs' Tenth Claim suffers from the same defects. As with the Ninth Claim, Plaintiffs state a legal conclusion – that if an implied license exists, the Defendants breached it – without providing any supporting factual allegations whatsoever. Plaintiffs do not state, for example, (1) what the factual underpinning would be for a finding that an implied license exists, (2) which Plaintiffs and/or Defendants would be the licensors and/or the licensees, (3) what the subject matter of the license would be, or (4) what the terms of the license would be. As with the Ninth Claim, any effort to respond to such vague and ambiguous allegations would purely be groping in the dark.

There is simply no way that TVT Music Publishing can reasonably prepare a response to claims as vague and ambiguous as the Ninth and Tenth Claims. Accordingly, TVT Music Publishing respectfully requests that the Court require Plaintiffs to provide a more definite statement of such claims.

## CONCLUSION

For all the reasons set forth above, TVT Music Publishing respectfully requests that the Court enter an order (1) dismissing, pursuant to Rule 12(b)(6), Plaintiffs' claims for (i) copyright infringement (First and Second Claims), (ii) declaratory relief regarding copyright ownership and/or authorship (Third, Fourth and Fifth Claims), (iii) unfair competition (Sixth and Eighth Claims) and (iv) unjust enrichment (Eleventh Claim), and (2) compelling Plaintiffs to provide a more definite statement, pursuant to Rule 12(e), with respect to their claims for (i) copyright infringement (in the alternative to the relief requested above) (First and Second Claims), (ii) declaratory relief regarding copyright ownership and/or authorship (in the alternative to the relief

975629_1.DOC                                21

requested above) (Third, Fourth and Fifth Claims), (iii) accounting (Seventh Claim) and (iv)

breach of contract and/or implied license (Ninth and Tenth Claims).

Dated:  New York, New York
        August 20, 2008

                                        DREIER LLP


                                        By:  /s/ Timothy A. Solomon
                                             Robert J. Grand
                                             Timothy A. Solomon
                                        499 Park Avenue
                                        New York, New York 10022
                                        (212) 328-6100


                                              and

                                        DREIER STEIN KAHAN BROWNE
                                        WOODS GEORGE LLP

                                        Mark Passin
                                        The Water Garden
                                        1620 26th Street
                                        6th Floor, North Tower
                                        Santa Monica, California  90404
                                        (424) 202-6040

                                        *Attorneys for Defendant TVT Music Inc.*