Michael B. Kramer [MK 7071]
MICHAEL B. KRAMER & ASSOCIATES
150 East 58th Street
New York, New York 10155
(212) 319-0304

*Attorneys for Defendants*
*BME ENTERPRISES LLC, BME RECORDINGS LLC, and*
*JONATHAN SMITH p/k/a LIL JON*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHRISTOPHER BRIDGES p/k/a LUDACRIS,
USHER RAYMOND IV p/k/a USHER,                    Case No.: 07 CV 10369
DISTURBING THA PEACE ENTERTAINMENT,
INC., and FAST PACE, INC.,                        **ANSWER**

                               Plaintiffs,

             -against-

TEVEE TOONS INC., TVT RECORDS LLC,
TEEVEE TOONS INC. d/b/a TVT RECORDS,
TVT MUSIC INC. d/b/a TVT MUSIC PUBLISHING,
BME ENTERPISES LLC, BME RECORDINGS
LLC, and JONATHAN SMITH p/k/a LIL JON,

                               Defendants.
-------------------------------------------------------------X

    **PLEASE TAKE NOTICE** that the Defendants, BME ENTERPISES LLC, BME

RECORDINGS LLC (together "BME"), and JONATHAN SMITH p/k/a LIL JON ("Lil Jon")

(collectively "The BME Defendants"), hereby appear by their attorneys, Michael B. Kramer &

Associates, and as and for their answer to the Complaint of CHRISTOPHER BRIDGES p/k/a

LUDACRIS ("Ludacris"), USHER RAYMOND IV p/k/a USHER ("Usher"), DISTURBING

THA PEACE ENTERTAINMENT, INC. ("DTP"), and FAST PACE, INC. ("FP") (collectively

"Plaintiffs") answer as follows:

## NATURE OF THE ACTION

1.      The BME Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations concerning the alleged celebrity of the Plaintiffs, and the remainder of the allegations in Paragraph "1" of the Complaint are mere summations of the content of the Complaint and therefore do not require a response from Defendants.

2.      The BME Defendants deny each and every of the allegations contained in paragraph "2" of the Complaint.

## THE PARTIES

3.      The BME Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

4.      The BME Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

5.      The BME Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

6.      The BME Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint insofar as they call for a legal conclusion.

7.      The BME Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

8.      The BME Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

9.      The BME Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

10. The BME Defendants admit the allegations contained in paragraph "10" of the Complaint.

11. The BME Defendants admit the allegations contained in paragraph "11" of the Complaint.

12. The BME Defendants admit the allegations contained in paragraph "12" of the Complaint.

## JURISDICTION AND VENUE

13. The BME Defendants deny each and every of the allegations contained in paragraph "13" of the Complaint.

14. The BME Defendants deny each and every of the allegations contained in paragraph "14" of the Complaint.

## BACKGROUND

### AS TO THE ALLEGED CONTRIBUTIONS OF CHRISTOPHER BRIDGES TO THE ALBUM

15. The BME Defendants deny each and every of the allegations contained in paragraph "15" of the Complaint except admit that Ludacris recorded vocal performances on "Lovers and Friends" and "In Da Club."

16. The BME Defendants deny each and every of the allegations contained in paragraph "16" of the Complaint.

17. The BME Defendants deny each and every of the allegations contained in paragraph "17" of the Complaint.

18. The BME Defendants deny each and every of the allegations contained in paragraph "18" of the Complaint.

19. The BME Defendants deny each and every of the allegations contained in

paragraph "19" of the Complaint.

20.    The BME Defendants deny each and every of the allegations contained in paragraph "20" of the Complaint.

21.    The BME Defendants deny each and every of the allegations contained in paragraph "21" of the Complaint.

<u>AS TO THE ALLEGED CONTRIBUTIONS OF RAYMOND USHER TO THE ALBUM</u>

22.    The BME Defendants deny each and every of the allegations contained in paragraph "22" of the Complaint except admit that Usher recorded vocal performances on "Lovers and Friends."

23.    The BME Defendants deny each and every of the allegations contained in paragraph "23" of the Complaint.

24.    The BME Defendants deny each and every of the allegations contained in paragraph "24" of the Complaint.

25.    The BME Defendants deny each and every of the allegations contained in paragraph "25" of the Complaint.

26.    The BME Defendants deny each and every of the allegations contained in paragraph "26" of the Complaint.

27.    The BME Defendants deny each and every of the allegations contained in paragraph "27" of the Complaint.

**<u>AS TO THE FIRST CLAIM FOR RELIEF</u>**

28.    The BME Defendants repeat and reassert the responses set forth in paragraphs "1" through "27", as if fully set forth herein.

29.    The BME Defendants deny the allegations contained in paragraph "29" of the

Complaint except admit that upon information and belief that other Defendants have copied, distributed, promoted, sold, licensed and/or authorized the manufacture, distribution and sale of the sound recording of "Lovers and Friends" as it appears on the Album.

30.     The BME Defendants deny each and every of the allegations contained in paragraph "30" of the Complaint except admit that "Lovers and Friends" contains the performances of Ludacris and Usher.

31.     The BME Defendants deny each and every of the allegations contained in paragraph "31" of the Complaint.

32.     The BME Defendants deny each and every of the allegations contained in paragraph "32" of the Complaint.

33.     The BME Defendants deny each and every of the allegations contained in paragraph "33" of the Complaint.

34.     The BME Defendants deny each and every of the allegations contained in paragraph "34" of the Complaint.

35.     The BME Defendants deny each and every of the allegations contained in paragraph "35" of the Complaint.

36.     The BME Defendants deny each and every of the allegations contained in paragraph "36" of the Complaint.

37.     The BME Defendants deny each and every of the allegations contained in paragraph "37" of the Complaint.

## AS TO THE SECOND CLAIM FOR RELIEF

38.     The BME Defendants repeat and reassert the responses set forth in paragraphs "1" through "37", as if fully set forth herein.

39.    The BME Defendants deny each and every of the allegations contained in paragraph "39" of the Complaint.

40.    The BME Defendants deny each and every of the allegations contained in paragraph "40" of the Complaint.

41.    The BME Defendants deny each and every of the allegations contained in paragraph "41" of the Complaint insofar as they call for a legal conclusion.

42.    The BME Defendants deny each and every of the allegations contained in paragraph "42" of the Complaint.

43.    The BME Defendants deny each and every of the allegations contained in paragraph "43" of the Complaint insofar as they call for a legal conclusion.

44.    The BME Defendants deny each and every of the allegations contained in paragraph "44" of the Complaint insofar as they call for a legal conclusion.

45.    The BME Defendants deny each and every of the allegations contained in paragraph "45" of the Complaint insofar as they call for a legal conclusion.

46.    The BME Defendants deny each and every of the allegations contained in paragraph "46" of the Complaint insofar as they call for a legal conclusion.

47.    The BME Defendants deny each and every of the allegations contained in paragraph "47" of the Complaint insofar as they call for a legal conclusion.

## AS TO THE THIRD CLAIM FOR RELIEF

48.    The BME Defendants repeat and reassert the responses set forth in paragraphs "1" through "47", as if fully set forth herein.

49.    The BME Defendants cannot admit or deny the allegations contained in paragraph "49" of the Complaint as "substantial remuneration" is not defined.

50.     The BME Defendants admit the allegations contained in paragraph "50" of the Complaint insofar as there exist contentions made by the Plaintiffs which The BME Defendants deny.

51.     The BME Defendants deny each and every of the allegations contained in paragraph "51" of the Complaint.

52.     The BME Defendants deny each and every of the allegations contained in paragraph "52" of the Complaint.

53.     The BME Defendants admit that they dispute Plaintiffs' contentions, but deny each and every of the allegations contained in paragraph "53" of the Complaint insofar as they call for a legal conclusion.

54.     The BME Defendants deny each and every of the allegations contained in paragraph "54" of the Complaint insofar as they call for a legal conclusion.

## AS TO THE FOURTH CLAIM FOR RELIEF

55.     The BME Defendants repeat and reassert the responses set forth in paragraphs "1" through "54", as if fully set forth herein.

56.     The BME Defendants deny each and every of the allegations contained in paragraph "56" of the Complaint.

57.     The BME Defendants admit the allegations contained in paragraph "57" of the Complaint insofar as there exist contentions made by the Plaintiffs which The BME Defendants deny.

58.     The BME Defendants deny each and every of the allegations contained in paragraph "58" of the Complaint.

59.     The BME Defendants deny each and every of the allegations contained in

paragraph "59" of the Complaint.

60.     The BME Defendants admit that they dispute Plaintiffs' contentions, but deny each and every of the allegations contained in paragraph "60" of the Complaint insofar as they call for a legal conclusion.

61.     The BME Defendants deny each and every of the allegations contained in paragraph "54" of the Complaint insofar as they call for a legal conclusion.

## AS TO THE FIFTH CLAIM FOR RELIEF

62.     The BME Defendants repeat and reassert the responses set forth in paragraphs "1" through "61", as if fully set forth herein.

63.     The BME Defendants admit the allegations contained in paragraph "63" of the Complaint insofar as there exist contentions made by the Plaintiffs which The BME Defendants deny.

64.     The BME Defendants admit that they dispute Plaintiffs' contentions, but deny each and every of the allegations contained in paragraph "64" of the Complaint insofar as they call for a legal conclusion.

65.     The BME Defendants deny each and every of the allegations contained in paragraph "54" of the Complaint insofar as they call for a legal conclusion.

## AS TO THE SIXTH CLAIM FOR RELIEF

66.     The BME Defendants repeat and reassert the responses set forth in paragraphs "1" through "65", as if fully set forth herein.

67.     The BME Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph "67" of the Complaint.

68.     The BME Defendants lack knowledge and/or information sufficient to form a

belief as to the truth of the allegations contained in paragraph "68" of the Complaint.

69.     The BME Defendants deny each and every of the allegations contained in paragraph "69" of the Complaint.

70.     The BME Defendants deny each and every of the allegations contained in paragraph "70" of the Complaint.

71.     The BME Defendants deny each and every of the allegations contained in paragraph "71" of the Complaint.

72.     The BME Defendants deny each and every of the allegations contained in paragraph "72" of the Complaint.

73.     Defendants deny each and every of the allegations contained in paragraph "73" of the Complaint.

## AS TO THE SEVENTH CLAIM FOR RELIEF

74.     The BME Defendants repeat and reassert the responses set forth in paragraphs "1" through "73", as if fully set forth herein.

75.     The BME Defendants deny each and every of the allegations of paragraph "75" of the Complaint.

76.     The BME Defendants deny each and every of the allegations of paragraph "76" of the Complaint insofar as they call for a legal conclusion.

## AS TO THE EIGHTH CLAIM FOR RELIEF

77.     The BME Defendants repeat and reassert the responses set forth in paragraphs "1" through "76", as if fully set forth herein.

78.     The BME Defendants deny each and every of the allegations contained in paragraph "78" of the Complaint.

79.     The BME Defendants deny each and every of the allegations of paragraph "79" of the Complaint.

80.     The BME Defendants deny each and every of the allegations of paragraph "80" of the Complaint.

81.     The BME Defendants deny each and every of the allegations contained in paragraph "81" of the Complaint.

## AS TO THE NINTH CLAIM FOR RELIEF

82.     The BME Defendants repeat and reassert the responses set forth in paragraphs "1" through "81", as if fully set forth herein.

83.     The BME Defendants deny each and every of the allegations contained in paragraph "83" of the Complaint.

84.     The BME Defendants deny each and every of the allegations contained in paragraph "84" of the Complaint.

85.     The BME Defendants deny each and every of the allegations contained in paragraph "85" of the Complaint.

## AS TO THE TENTH CLAIM FOR RELIEF

86.     The BME Defendants repeat and reassert the responses set forth in paragraphs "1" through "85", as if fully set forth herein.

87.     The BME Defendants deny each and every of the allegations of paragraph "87" of the Complaint.

88.     The BME Defendants deny each and every of the allegations contained in paragraph "88" of the Complaint.

89.     The BME Defendants deny each and every of the allegations contained in

paragraph "89" of the Complaint.

90.    The BME Defendants deny each and every of the allegations contained in paragraph "90" of the Complaint.

## AS TO THE ELEVENTH CLAIM FOR RELIEF

91.    The BME Defendants repeat and reassert the responses set forth in paragraphs "1" through "90", as if fully set forth herein.

92.    The BME Defendants deny each and every of the allegations contained in paragraph "92" of the Complaint.

93.    The BME Defendants deny each and every of the allegations contained in paragraph "93" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

94.    The Complaint fails to state a cause of action upon which relief can be granted as Plaintiffs have not asserted a proper claim for copyright infringement as against The BME Defendants. Even assuming, *arguendo,* that Plaintiffs possess a copyright interest in the sound recordings at issue, a fact which the BME Defendants deny, the Plaintiffs and The BME Defendants are joint copyright owners. Consequently, Plaintiffs cannot assert a claim of copyright infringement against the BME Defendants, who possess their own copyright interest in the sound recordings at issue.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

95.    The Plaintiffs have not established proper subject matter jurisdiction as against The BME Defendants before this Court as the pleadings do not set forth a proper claim for

copyright infringement.  Without the aforementioned federal question, all ancillary claims cannot be commenced in this Court as diversity of citizenship is not alleged by the Plaintiffs nor does such diversity exist.


## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

96.    Plaintiffs: (a) have knowingly and voluntarily provided their services on the sound recordings in question; (b) were aware of its release and distribution; and, (c) allowed almost three (3) years to pass, before asserting any claims regarding their services provided for the music recordings at issue.   Accordingly, Plaintiffs waived any right to assert the claims contained in the Complaint.


## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

97.    Plaintiffs: (a) have knowingly and voluntarily provided their services on the sound recordings in question; (b) were aware of its release and distribution;  and, (c) allowed almost three (3) years to pass before asserting any claims regarding their services provided for the music recordings at issue.  Accordingly, any equitable relief sought by the Plaintiffs, including but not limited to (i) injunctive relief, and (ii) the recall and destruction of all copies of the sound recordings at issue, should be barred based upon the equitable doctrine of laches.


## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

98.    Plaintiffs: (a) have knowingly and voluntarily provided their services on the sound recordings in question; (b) were aware of its release and distribution; and, (c) allowed almost three (3) years to pass before asserting any claims regarding their services provided for

the music recordings at issue, which lack of action reasonably led The BME Defendants to conclude that Plaintiffs would not proceed with this action.

99.    The BME Defendants have relied upon the foregoing to their detriment.

100.    Consequently, Plaintiffs are estopped from commencing the instant action.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

101.    Plaintiffs: (a) have knowingly and voluntarily provided their services on the sound recordings in question; (b) were aware of its release and distribution; and, (c) allowed almost three (3) years to pass before asserting any claims regarding their services provided for the music recordings at issue.  Therefore, Plaintiffs' claims are barred by the doctrine of unclean hands.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

102.    The instant action is barred by documentary evidence, including, but not limited to, the terms and conditions of any and all agreements by and between the parties.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

103.    The BME Defendants reserve the right to add such other Affirmative Defenses as may become known to them through the course of their investigation and discovery in this matter.

**WHEREFORE**, The BME Defendants demand judgment against the Plaintiffs dismissing the Complaint and each and every cause of action contained therein with prejudice, and that the Court grant The BME Defendants such other and further relief as the Court may deem just and proper, including the costs and attorneys fees of The BME Defendants in this action.

Dated:  New York, New York
         August 25, 2008

                                       MICHAEL B. KRAMER
                                       Michael B. Kramer & Associates
                                       Attorneys for Defendants
                                       150 East 58th Street
                                       New York, New York 10155
                                       (212) 319-0304

*Index No*: CV 10369 (DAB)                                    *Year 2007*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

================================================================

CHRISTOPHER BRIDGES p/k/a LUDACRIS, USHER RAYMOND IV p/k/a USHER,
DISTURBING THA PEACE ENTERTAINMENT, INC., and FAST PACE INC.,

                              Plaintiffs,

               -against-

TEEVEE TOONS INC., TVT RECORDS LLC, TEEVEE TOONS INC. d/b/a TVT RECORDS LLC,
TEEVEE TOONS INC. d/b/a TECORDS TVT MUSIC INC. d/b/a TVT MUSIC PUBLISHING, BME
ENTERPRISES LLC, BME RECORDING LLC, and JONATHAN SMITH p/k/a LIL JON,

                              Defendants.

================================================================

# ANSWER

================================================================

## MICHAEL B. KRAMER & ASSOCIATES

*Attorneys for* Defendants
150 EAST 58TH STREET
SUITE 1201
NEW YORK, NEW YORK 10155
(212) 319-0304

================================================================

*To:*
*Attorney(s) for*

================================================================

*Service of a copy of the within*

                                                    *is hereby admitted.*

*Dated:*

                              *Attorney(s) for* _____

================================================================

PLEASE TAKE NOTICE

☐                    *that the within is a (certified) true copy of a*
                     *entered in the office of the clerk of the within named Court on*

NOTICE OF ENTRY

☐                    *that an Order of which the within is a true copy will be presented for settlement to the Hon.*

                     *one of the judges of the within named Court,*

NOTICE OF SETTLEMENT    *at*
                        *on*                    *20*        *, at*            *M.*

*Dated:*

                                        **MICHAEL B. KRAMER & ASSOCIATES**
                                        *Attorneys for* Defendants
                                        150 EAST 58TH STREET
                                        SUITE 1201
                                        NEW YORK, NEW YORK 10155
                                        (212) 319-0304